UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

8:18-cv-252-T-27AAS

SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT d/b/a SARASOTA MEMORIAL HEALTH CARE SYSTEM,

    *Plaintiff,*

v.

MULTIPLAN, INC.,

    *Defendant.*

_____/

## COMPLAINT

Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System ("SMH") sues Multiplan, Inc. ("MPI") for breach of contract and the implied covenant of good faith and fair dealing and alleges:

### NATURE OF THE ACTION

1. This action arises from MPI's failure to honor the terms of its participating agreement with SMH (the "Agreement"), which establishes reimbursement rates for SMH's hospital services.

2. MPI operates as a middleman that negotiates discounts with healthcare providers, like SMH, and sells access to these discounted services to payors, including but not limited to health insurance companies and employers with self-funded health insurance plans.

3. MPI is contractually obligated to ensure that payors comply with the terms of the Agreement. MPI breached the Agreement and the implied covenant of good faith and fair dealing by allowing payors to reap the benefits of SMH's services without reimbursing SMH in accordance with the Agreement.

## JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based upon the complete diversity of citizenship of the respective parties.

5. The amount in controversy exceeds $75,000.00, exclusive of attorneys' fees and costs.

6. At all material times, SMH was a special independent taxing authority created by the Florida legislature. SMH owns and operates a health care system that provides health care goods and services to individuals in Sarasota County, Florida.

7. At all material times, MPI was a foreign corporation, incorporated in the State of New York, with its principal place of business in New York, New York. MPI leases health care provider networks to insurers, third-party administrators, self-funded plans, and health maintenance organizations. MPI maintains an office in Hillsborough County, Florida and hires employees located in Hillsborough County, Florida.

8. MPI is subject to jurisdiction in Florida pursuant to Fla. Stat. §§ 48.193(1)(a)(1),(4), and (7) and 48.193(2) because it conducts business in Florida by: (1) operating, conducting, engaging in, and carrying on business in Florida; (2) entering into contracts with Florida healthcare providers; (3) breaching a contract in Florida by failing to perform acts required by the contract to be performed in this state; (4) intentionally advertising

to Clients[1] and Clients' members and subscribers ("Participants") that it provides access to healthcare goods and services in Florida; (5) maintaining an office in Florida; and (6) hiring employees located in Florida.

9. Venue in the Middle District of Florida is proper pursuant to Section 9.2 of the Agreement and 28 U.S.C. § 1391(c)(2).

## GENERAL ALLEGATIONS

10. MPI developed and maintains a network of health care providers (the "Network"). MPI grants Clients access to the Network. As a result, Clients receive the discounted rate for health care services that MPI negotiated with SMH.

11. **The Agreement:** On or about August 1, 2007, SMH contracted with MPI to serve as a participating provider in MPI's Network. A copy of the Agreement is attached as Exhibit A.[2] The Agreement sets forth the rates, procedures, and conditions under which MPI's Clients must pay SMH for covered health services rendered to Clients' Participants.

12. In Section 5.2 of the Agreement, MPI represents and warrants:

> Client will, within thirty (30) business days of receipt of a Clean Claim, pay or arrange to pay [SMH] for Covered Services, as full compensation, the Contract Rate in accordance with the terms of this Agreement, including Exhibit C and the administrative handbook(s) in order to obtain the benefit of the Contract Rate. In the event that a Clean Claim is not paid by Client within thirty (30) business days from the date of receipt of such Clean Claim, Client will pay or arrange to pay [SMH] at [SMH's] Billed Charges.

---

[1] All capitalized terms not otherwise defined in this Complaint shall be given the meaning ascribed to it in the Agreement.

[2] The Parties agreed in Section 7.1 that this Agreement is to be kept confidential. A copy of the Agreement will be attached to the service copy, and SMH will move for leave to file a copy of the Agreement under seal.

13. Section 3.9 of the Agreement states that the existence of MPI's authorized logo on any Participant's identification card is:

> [E]vidence of the Client's right to access [SMH] as a Network Provider and to reimburse [SMH] at the Contract Rates for Covered Services rendered to Participants.

14. Section 4.3 of the Agreement requires MPI to ensure its Clients comply with the terms of the Agreement:

> [E]ach agreement between MPI and a Client will obligate the Client comply with the terms of this Agreement, including the obligation to pay or arrange to pay for Covered Services rendered to Participants in accordance with the provisions of Article V of this Agreement.

15. Section 4.7 of the Agreement requires MPI to compel Clients to reimburse SMH in accordance with the terms of the Agreement:

> MPI will require Clients to use the Contract Rates agreed to in this Agreement solely for Covered Services rendered to Participants covered under a Program which utilizes the Network.

16. Pursuant to Section 3.11 of the Agreement, MPI is required to resolve any dispute between SMH and a Client, including disputes arising from a Client's underpayment or denial of SMH's claims.

17. **The Underpayments and Denials**: During the term of the Agreement, Participants presented SMH with identification cards containing the MPI authorized logo at or near the time of service.

18. Relying on such identification cards and the Agreement, SMH provided covered healthcare services to Participants. SMH was entitled to reimbursement for such services at the rates set forth in the Agreement.

19. Clients consistently underpaid or denied reimbursement to SMH for the covered services rendered to Participants.

20. SMH made MPI aware of the Clients' underpayments and denials but MPI refused to resolve the payment disputes between such Clients and SMH, in violation of the Agreement.

21. Further, MPI failed to require that its Clients pay SMH in accordance with the Agreement's terms, in violation of the Agreement.

22. SMH performed all necessary conditions precedent to filing this litigation, or such conditions have been met, waived, otherwise excused, or are futile.

## COUNT I – BREACH OF CONTRACT

23. SMH reasserts the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. The Agreement constitutes an enforceable contract under Florida law.

25. The Agreement required MPI to ensure that its Clients complied with the terms of the Agreement, including without limitation, reimbursement for covered services.

26. The Agreement also required MPI to resolve all disputes between SMH and Clients within thirty (30) days, to the reasonable satisfaction of SMH.

27. MPI breached the Agreement by failing to ensure its Clients paid SMH the contract rates for covered health care services under the Agreement.

28. MPI further breached the Agreement by failing to resolve payment disputes between SMH and Clients, which are ongoing to this day.

29. SMH fully performed its obligations under the Agreement.

30. As a direct consequence of MPI's material breach of the Agreement, SMH has been damaged in an amount exceeding $75,000.00.

## COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31. SMH reasserts the allegations in paragraphs 1 through 22 as if fully set forth herein.

32. The Agreement constitutes an enforceable contract under Florida law.

33. In Florida, the implied covenant of good faith and fair dealing applies to every contract, including the Agreement.

34. SMH reasonably relied upon Section 4.3 of the Agreement.

35. MPI materially breached the implied covenant of good faith and fair dealing by violating SMH's reasonable commercial expectation that, pursuant to Section 4.3 of the Agreement, MPI would enforce the agreements with its Clients.

36. Despite MPI's reasonable reliance upon Section 4.3 of the Agreement, MPI has unfairly frustrated the agreed-upon purpose of the Agreement by failing to enforce the agreements with its Clients.

37. SMH's reasonable commercial expectation does not contravene the express terms of the Agreement.

38. As a direct and proximate result of MPI's failure to enforce the agreements with its Clients, SMH has been harmed.

WHEREFORE, SMH prays for judgment to be entered in its favor and against MPI awarding compensatory damages in excess of $75,000.00, pre- and post- judgment interest, and any further relief this Court deems equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System demands a trial by jury on all issues so triable.

Dated: January 29, 2018.

                                      Respectfully submitted,

                                      WOLFE | PINCAVAGE
                                      2980 McFarlane Road
                                      Miami, Florida 33133
                                      Telephone: 786.509.8874

By: _/s/ Danya Pincavage_____
                                      Danya J. Pincavage
                                      danya@wolfepincavage.com
                                      Fla. Bar No.: 14616
                                      Douglas A. Wolfe
                                      doug@wolfepincavage.com
                                      Fla. Bar No.: 28671
                                      Gabriela Rosell
                                      gabriela@wolfepincavage.com
                                      Fla. Bar No.: 111735
                                      *Counsel for Plaintiff*