UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARASOTA COUNTY PUBLIC
HOSPITAL DISTRICT d/b/a SARASOTA
MEMORIAL HEALTH CARE SYSTEM,

    Plaintiff,

v.                                                       Case No: 8:18-cv-252-T-27AAS

MULTIPLAN, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Enforce Forum Selection Clause and Transfer Venue under 28 U.S.C. § 1404(a) (Dkt. 7), which Plaintiff opposes (Dkt. 12); and Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 8), and Plaintiff's response (Dkt. 11). Upon consideration, Defendant's motions (Dkts. 7, 8) are **DENIED**.

*Introduction*

Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System ("SMH"), brings claims against Multiplan, Inc. ("Multiplan") for (1) Breach of Contract, and (2) Breach of Covenant of Good Faith and Fair Dealing. Multiplan moves to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a) based on a forum selection clause in the contract between the parties ("Agreement") that it contends mandates that these claims be litigated only in a "Federal court in the state and county of residence of the defendant." (Dkt. 7, p. 7).

This case is in federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a)(1). SMH is

1

alleged to be a Florida citizen and Multiplan is alleged to be a foreign corporation with its principal place of business in New York. (Dkt. 1 ¶¶ 6-7). An action based on diversity jurisdiction may be brought in, among other venues, a "district in which any defendant resides." § 1391(b)(1). Multiplan is deemed to "reside" in any district in which it is subject to personal jurisdiction when the case is filed. § 1391(c)-(d). Plaintiff alleges that Multiplan operates, conducts, engages in, and carries on business in Florida, enters into contracts with Florida healthcare providers, advertises that it provides services in Florida, maintains an office and hires employees in Hillsborough County, Florida, and that the alleged breach of the Agreement between the parties occurred in Florida. (Dkt. 1 ¶¶ 7-8). Multiplan therefore "resides" in this district. And Multiplan makes no argument to the contrary.

Plaintiff filed in this district under the forum selection clause of the Agreement. As will be discussed, because SMH brought this action in a venue that meets the language of the forum selection clause, Multiplan's motion to transfer venue is due to be denied. Plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco &Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

**Background**

SMH owns and operates a health care system that provides health care goods and services to individuals in Sarasota County, Florida. (Dkt. 1 ¶6). Multiplan is a foreign corporation, incorporated in the State of New York, with its principal place of business in New York, New York. (Id. at ¶ 7). On or about August 1, 2007, SMH entered into the Agreement with Multiplan, which "operates as a middleman that negotiates discounts with healthcare providers . . . and sells access to these discounted services to payors, including but not limited to health insurance companies and employers with self-funded health insurance plans." (Id. at ¶ 2). SMH was a provider of health

services. (Id. at ¶ 18). The Agreement sets forth the rates, procedures, and conditions under which SMH would be paid if SMH provided services. (Id. at ¶ 11).

SMH alleges that the payors (i.e. health insurance companies) "underpaid or denied reimbursement to SMH for the covered services rendered to participants." (Id. at ¶ 19). SMH alleges that it made Multiplan aware of the denials, but it refused to resolve the disputes as required by the Agreement. (Id. at ¶ 20). In addition to moving to transfer venue, Multiplan moves to dismiss SMH's claims for failure to state a claim on which relief may be granted.

## MOTION TO ENFORCE FORUM SELECTION CLAUSE AND TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)

Forum selection clauses are interpreted according to general contract principles. *Global Satellite Comm'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004). "[T]he plain meaning of a contract's language governs its interpretation." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (citing *Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008)).

Multiplan argues that transfer to the Southern District of New York is mandated by the forum selection clause in the Agreement.[1] SMH counters that although the Southern District of New York could have been selected as the forum under the clause, its choice of forum complies with the forum selection clause's requirement that venue be in the "residence of defendant."[2]

---

[1] Forum selection clauses "may be categorized as permissive, mandatory, or hybrid. A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause dictates an exclusive forum for litigation under the contract. A hybrid clause provides for permissive jurisdiction in one forum that becomes mandatory upon the party sued." *Lues v. Ginn–La W. End, Ltd.*, No. 3:08-cv-1217, 2010 WL 5671779 (M.D. Fla. Mar. 31, 2010) *aff'd*, 631 F.3d 1242 (11th Cir. 2011) (citations and internal quotation marks omitted).

[2] The parties do not contest the validity or enforceability of the forum selection clause.

The Agreement provides:

> Venue of any dispute litigated between the parties shall be in Federal court in the state and county of residence of the defendant, unless the principal office of both parties are located in New York, in which case, venue shall be in the appropriate New York State court, in the county of residence of the defendant.

(Dkt. 7, p. 7). SMH must therefore bring a cause of action "in the state and county of ***residence of the defendant***." (Id.) (emphasis added). Contrary to Multiplan's contention that "residency" is synonymous with its principal place of business, as discussed, a corporation "resides" in any judicial district in which it is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c). Venue may accordingly lie in more than one district. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). And while SMH could have brought this action in the Southern District of New York, it was not required to. *See id.* In sum, Multiplan's argument that the clause *mandates* venue in the Southern District of New York is without merit.

### *Considerations Affecting Transfer*

The controlling statute provides that "a district court may transfer any civil action to any other district . . . to which all parties have consented." 28 U.S.C. § 1404. Under § 1404(a), a district court may transfer an action to another district in which it could have been brought for the convenience of parties and witnesses, and the interests of justice. "Under Section 1404(a), the court should consider the convenience of parties and witnesses and the interest of justice, with a choice of forum clause a significant factor that figures centrally in the district court's calculus." *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citations and quotations omitted). "Thus, while other factors might conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Id.* (citations omitted). It follows that when a motion under § 1404(a) seeks to enforce a valid, choice

4

of forum clause, the party seeking transfer bears the burden of demonstrating that the chosen forum is sufficiently inconvenient to warrant transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Multiplan points to no facts supporting a change in venue. Rather, it argues that SMH has the burden of establishing that transfer to the Southern District of New York is unwarranted. This argument is without merit.[3] And, its contention is inconsistent with its argument that "when parties agree to a forum-selection clause, they waive the right to challenge the pre-selected forum as inconvenient or less convenient for themselves or their witnesses, or for the pursuit of their litigation." (Dkt. 7, Defendant's Motion, p. 6 (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 64 (2013))). Multiplan fails to meets its burden of demonstrating that the Middle District is a sufficiently inconvenient forum.

Further, in addressing the public interest factors, Multiplan's argument that "there is no local interest in having these sophisticated parties litigate their issues in Florida" (Dkt. 7, p. 8) is not well taken. Where the alleged breach of contract occurred is an important consideration for purposes of venue. *See Jenkins Brick Co.*, 321 F.3d at 1372. And, as SMH correctly notes, it is undisputed that the alleged breach of contract occurred in Florida, for services that were rendered in Florida, and that the dispute will be resolved under Florida law. *See Atl. Marine*, 571 U.S. at 63 ("Public-interest factors may include . . . the local interest in having localized controversies decided at home; and the

---

[3] Defendant's reliance on *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49 (2013), is misplaced. In *Atlantic Marine*, the court determined that the plaintiff brought the action in a forum not permitted by the parties' forum selection clause, and found that the party "acting in violation" of the forum selection clause had the burden of showing that transfer was unwarranted. *Id.* at 53-54; 67. Here, SMH's choice of forum complies with the forum selection clause and therefore the burden is on Multiplan and does not shift to SMH. *See Aviation One of Fla., Inc. v. Airborne Insurance Consultants (PTY), Ltd*, 722 F. App'x 870, 883 (11th Cir. 2018) ("The party seeking to avoid the forum-selection clause bears the burden of showing exceptional circumstances, predicated on public-interest considerations, to justify disturbing the clause.").

5

interest in having the trial of a diversity case in a forum that is at home with the law.").

In sum, the forum selection clause does not restrict venue to one district. Plaintiff has chosen the Middle District of Florida, a proper forum under both 28 U.S.C. § 1391 and the forum selection clause. Multiplan fails to show an overriding public policy defeating Plaintiff's choice of venue. *See Aviation One*, 722 F. App'x at 883. Accordingly, SMH's choice of forum weighs against transfer of this case to another venue.

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

### *Standard*

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but a plaintiff's complaint must include more than unadorned or conclusory accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

All factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, but this is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### *Breach of Contract*

Multiplan contends that SMH fails to state a claim for breach of contract and that SMH is essentially seeking payment from Multiplan for services rendered. To state a claim for breach of contract, SMH must allege (1) a valid contract; (2) a material breach; and (3) damages. *Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014). "To constitute a vital or material breach, a defendant's non-performance must be such as to go to the essence of the contract." *Sublime, Inc. v. Boardman's Inc.*, 849 So. 2d 470, 471 (Fla. 4th DCA 2003) (citing *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)). Multiplan contends that SMH fails to plead sufficient factual allegations showing that the agreement was breached.[4]

In the complaint, SMH alleges that Multiplan breached the contract by "failing to ensure its Clients paid SMH the contract rates for covered health care services under the Agreement," and "by failing to resolve payment disputes between SMH and Clients." (Dkt. 1, Complaint, at ¶¶ 27-28). In its General Allegations, SMH recites the contractual obligations Multiplan was required to perform. (Id. at ¶¶ 14-16, 20). Reading these allegations together, SMH alleges that Multiplan breached its contractual obligations to ensure that its Clients pay for services rendered and failing to resolve disputes between SMH and Multiplan's Clients. (Id. at ¶ 14, 16, 27, 28). SMH also alleges that it has sustained damages as a result of Multiplan's breach. (Id. at ¶ 30). These allegations are sufficient to state a claim for breach of contract.

---

[4] To the extent Multiplan contends it is not liable for payment under the contract for health care services rendered (Dkt. 8, pp. 1-2, 6), this argument is misguided. The Complaint does not allege that Multiplan is a payor under the contract. Indeed, SMH states in its response, "this action does not allege that [Multiplan] is a payor or allege that [Multiplan] breached portions of the Agreement that set forth payors' obligations." (Dkt. 11, p. 2). I agree. As discussed, the claims put forth are for breach of contract and breach of covenant of good faith and fair dealing arising out of the Agreement.

*Breach of Implied Covenant of Good Faith and Fair Dealing*

Multiplan contends that Count II fails to state a cause of action for breach of implied covenant of good faith and fair dealing for failing to allege sufficient facts. Under Florida law, every contract includes an implied covenant of good faith and fair dealing, designed "to protect the parties' reasonable commercial expectations." *Meruelo v. Mark Andrew of Palm Beaches, Ltd.*, 12 So. 3d 247, 250-51 (Fla. 4th DCA 2009). To allege a claim for breach of the implied duty of good faith and fair dealing, the allegations "must demonstrate a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000) (citations omitted).

Two limitations apply to a claim for breach of implied duty of good faith and fair dealing. First, the claim must include an allegation that a term of the agreement has been breached, and second, the duty cannot be used to alter the express terms of the contract. *Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 329 F. Supp. 2d 1309, 1312 (S.D. Fla. 2004). Here, SMH alleges that Multiplan breached Section 4.3 of the Agreement by unfairly frustrating its purpose to the detriment of SMH.[5] (Dkt. 1 ¶¶ 35-36). As discussed, SMH alleges sufficient facts to support its breach of contract claim, specifically that Multiplan breached by "failing to ensure its Clients paid SMH the contract rates for covered health care services under the Agreement," and "by

---

[5] Section 4.3 of the Agreement provides:
[E]ach agreement between [Multiplan] and a Client will obligate the Client comply with the terms of this Agreement, including the obligation to pay or arrange to pay for Covered Services rendered to Participants in accordance with the provisions of Article V of this Agreement.
(Dkt. 1 ¶ 14).

failing to resolve payment disputes between SMH and Clients."(Id. at ¶¶ 27-28). And SMH alleges that Multiplan was informed of consistent underpayment by its Clients but refused to ensure that payments were made. (Id. at ¶ 20).

Construing the factual allegations of the complaint in a light most favorable to SMH, it alleges that Multiplan "fail[ed] or refus[ed] to discharge contractual responsibilities" that "unfairly frustrated" the purpose of the Agreement. *See Shibata*, 133 F. Supp. 2d at 1319. Those allegations are sufficient to state a claim of breach of duty of good faith and fair dealing. *See* (Dkt. 1 ¶¶ 34-36). Accordingly, Multiplan's Motion to Dismiss Count II is due to be denied.

## Conclusion

Defendant's Motion to Enforce Forum Selection Clause and to Transfer Venue under 28 U.S.C. § 1404(a) (Dkt. 7) is **DENIED**. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 8) is **DENIED**. Defendant shall answer the Complaint within **twenty-one (21) days**.

**DONE AND ORDERED** this 1st day of October, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record