UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARASOTA COUNTY PUBLIC
HOSPITAL DISTRICT d/b/a SARASOTA
MEMORIAL HEALTH CARE SYSTEM,

    Plaintiff,

v.                                              Case No: 8:18-cv-252-T-27AAS

MULTIPLAN, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Agreed Motion to Seal Exhibits in Support of Defendant's Motion for Summary Judgment (Dkt. 57); Defendant's Agreed Motion to Seal Exhibits in Support of Defendant's Motion in Limine (Dkt. 58); and Plaintiff's Unopposed Motion to Seal Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim (Dkt. 60). Upon consideration, the motions (Dkts. 57, 58, 60) are **DENIED**.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *See id.* at 597-99. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including summary judgment motions, motions in limine, and *Daubert* motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001) (per curiam).[1]

---

[1] *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (per curiam) (*Daubert* materials); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions).

The decision to seal is the trial court's prerogative, not the parties'. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The right to file a document under seal does not automatically follow a confidentiality designation. *See id.* at 548 (denying renewed, joint motion to place documents under seal, and directing that the parties must offer legal justification for placing documents under seal).

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

The Local Rules for the Middle District of Florida prescribe the contents of a motion to seal. The movant must include:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. Local Rule 1.09(a).

*Defendant's Motions to Seal (Dkts. 57, 58)*

Defendant's motions to seal do not meet the requirements of Local Rule 1.09(a). In its Motion to Seal Exhibits in Support of Defendant's Motion for Summary Judgment (Dkt. 57), Defendant identifies four categories of items proposed to be sealed ((1) MPI Participating Facility Agreement; (2) six spreadsheets which contain protected health information of non-party patients, as well as a list of clients who underpaid the claims at issue; (3) a list of client contracts and excerpts from those contracts; and (4) a spreadsheet containing over 9,000 claims allegedly repriced that were relied upon by Plaintiff's expert). And in its Motion to Seal Exhibits in Support of Defendant's Motions in Limine (Dkt. 58), Defendant identifies two categories of items proposed to be sealed (the proposed report from Plaintiff's expert; and the same spreadsheet identified as item (4) *supra*). Defendant requests that these items be sealed for the duration of the lawsuit, including appeal.

As to the MPI Participating Facility Agreement, which forms the basis of this breach of contract action, Defendant states that the Agreement contains a confidentiality provision (which is not a legal basis for sealing) and that Defendant "would be placed in a competitive disadvantage if its contracts were placed in the public record." (Dkt. 57 at p. 2). Despite this argument, it is apparent from the Complaint that certain portions of the Agreement have already been disclosed in the public record. (Dkt. 1, ¶¶ 12-15). And the motion does not explain the reason why a means other than sealing the entire Agreement (such as redaction) is unavailable, or provide legal authority supporting the sealing of an entire contract that forms the basis of the dispute merely because it contains some potentially sensitive business information. Notably, the motion fails to explain, other than in conclusory fashion, what information in the contracts would place Defendant at a competitive disadvantage.

3

Defendant seeks to file under seal six spreadsheets "related to the claims at issue in the litigation" that include protected health information ("PHI") of non-party patients, as well as a list of clients who "underpaid the claims at issue." (Id.). Defendant states that these items are necessary to "demonstrate those claims for which Plaintiff has failed to provide supporting documentation and/or failed to take the necessary preconditions to challenging payment." (Id.). However, as discussed, the motion does not explain the reason why a means other than sealing (such as redaction) is unavailable, relying instead on the confidential designation from the parties' agreement.

Defendant seeks to file under seal a list of Client contracts and excerpts from those contracts because they are necessary to "demonstrate that [Defendant] did not breach the MPI Participating Facility Agreement." (Id.). Defendant states that these Client contracts are subject to a confidentiality agreement and contain "proprietary business information that would put [Defendant] at a competitive disadvantage if placed in the public record." (Id.). But, as stated above, Defendant fails to explain, in other than conclusory fashion, what information in the contracts would place Defendant at a competitive disadvantage and therefore fails to establish good cause for sealing. *See Chicago Tribune Co.*, 263 F.3d at 1314.

Defendant seeks to file under seal "a spreadsheet that was allegedly relied upon by [Plaintiff's Proposed Expert] in rendering her opinions related to this matter . . . [that] details over 9,000 claims that were allegedly repriced by [Defendant]."[2] Defendant states that this spreadsheet contains PHI. Notwithstanding that PHI is protected information, Defendant fails to explain why a means other than sealing (such as redaction) is unavailable.

---

[2] Defendant seeks in both of its Agreed Motions to seal this "spreadsheet." See (Dkts. 57, 58). In the interest of judicial economy, the sealing of this exhibit is denied without prejudice as to both motions for the same reasons.

And last, Defendant seeks to have Plaintiff's expert's proposed report filed under seal because it is marked "Confidential" and contains PHI. (Dkt. 58 at p. 2). Again, notwithstanding that PHI is protected information, Defendant has failed to explain why a means other than sealing (such as redaction) is unavailable.

Defendant has failed to establish good cause for filing the exhibits under seal. *See Chicago Tribune Co.*, 263 F.3d 1313; Local Rule 1.09(a). More is required to demonstrate good cause for why the right of public access to the courts should give way to a party's claimed interest in confidentiality.

### *Plaintiff's Motion to Seal (Dkt. 60)*

Plaintiff's motion to seal does not meet the requirements of Local Rule 1.09(a). In its Motion to Seal Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim (Dkt. 60), Plaintiff lists eight items proposed to be sealed, but fails to describe each item in accordance with Local Rule 1.09(a). Rather, Plaintiff generally states that these eight items "include confidential rates, procedures, and conditions under which [Defendant's] Clients must pay [Plaintiff] and non-party SMPHO for health services rendered to insureds" and contain "proprietary and confidential financial information."[3] (See *id.* at pp. 4-5). Plaintiff further states that the eight items cannot be filed unless it is under seal due to the "Parties' Confidentiality Agreement." (Id. at p. 5).

As discussed, the right to file a document under seal does not automatically follow a confidentiality designation. *See Baxter*, 297 F.3d at 548. Nonetheless, the information in each item

---

[3] Moreover, Plaintiff proposes that these items be sealed indefinitely. (Dkt. 60, p. 5).

proposed to be sealed is not specifically described and therefore it is not apparent why a means other than sealing all the exhibits is unavailable.

Accordingly, Defendant's Agreed Motion to Seal Exhibits in Support of Defendant's Motion for Summary Judgment (Dkt. 57); Defendant's Agreed Motion to Seal Exhibits in Support of Defendant's Motion in Limine (Dkt. 58); and Plaintiff's Unopposed Motion to Seal Exhibits Filed in Support of Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim (Dkt. 60) are **DENIED**.

**DONE AND ORDERED** this 18th day of March, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record